IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CROSS CREEK, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MIDEA AMERICA CORP., MIDEA USA, INC., HAIER US APPLIANCE SOLUTIONS, INC., HAIER AMERICA TRADING, LLC,<br><br>        Defendants. | Case No. _____<br><br>DEFENDANTS' APPENDIX TO NOTICE OF REMOVAL |

Defendants, Midea America Corp., Midea USA, Inc., Haier US Appliance Solutions, Inc., Haier America Trading, LLC, attach the following documents from Polk County, Iowa District Court Case No. LACL 151765 in support of its Notice of Removal

| **DOCUMENT** | **DOC. NO.** |
|---|---|
| Original Notice | 1 |
| Petition | 2 |
| Proof of Service – Haier US Appliance Solutions | 3 |
| Affidavit of Service – Midea USA | 4 |
| Affidavit of Attempted Service – Haier America Trading | 5 |
| Return of Service – Midea America Corp. | 6 |
| Order to Expedite Disposition of Service | 7 |
| Motion for Additional Time to Serve Defendants | 8 |

WHITFIELD & EDDY, P.L.C.
699 Walnut St., Suite 2000
Des Moines, IA  50309
Telephone:  (515) 288-6041
Fax:  (515) 246-1474
Email: reynolds@whitfieldlaw.com
          Kirschman@whitfieldlaw.com


By ___*/s/ Kevin Reynolds*_____

By ___*/s/ Richard J. Kirschman*_____
          Richard J. Kirschman

ATTORNEYS FOR DEFENDANTS, MIDEA
AMERICA CORP., MIDEA USA, INC., HAIER
US APPLIANCE SOLUTIONS, INC., HAIER
AMERICA TRADING, LLC

CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2022, I electronically filed the foregoing document with the Clerk of Court using the ECF system with a copy being sent via electronic notice to:

Jon A. Vasey
Joshua Strief
Elverson Vasey
700 – 2nd Avenue
Des Moines, IA 50309

_____*/s/ Richard J. Kirschman*_____
Richard J. Kirschman

E-FILED  2021 OCT 22 11:09 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| CROSS CREEK, LLC,<br><br>              Plaintiff,<br><br>v.<br><br>MIDEA AMERICA CORP., MIDEA USA, INC., HAIER US APPLIANCE SOLUTIONS, INC., HAIER AMERICA TRADING, L.L.C.,<br><br>              Defendants. | LAW NO.:<br><br><br><br>ORIGINAL NOTICE |

TO:    THE ABOVE-NAMED DEFENDANTS

YOU ARE NOTIFIED that a Petition has been filed in the office of the clerk of this court, naming you as a Defendant in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorneys for the Plaintiff are Jon A. Vasey and Joshua R. Strief, whose address is 700 Second Avenue, Des Moines, Iowa 50309. Those attorneys' telephone number is (515) 243-1914; facsimile number (515) 243-2235.

You must serve a motion or answer within twenty (20) days after service of this Original Notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, at the courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

IMPORTANT

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

E-FILED  2021 OCT 26 8:08 AM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.* **LACL151765**

*County* **Polk**

*Case Title*  **CROSS CREEK, LLC V. MIDEA AMERICA CORP, ET AL.**

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **10/26/2021 08:08:06 AM**



*District Clerk of* Polk                    *County*

**/s/ Christy Wagner**

E-FILED  2021 OCT 22 11:09 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| CROSS CREEK, LLC, | LAW NO.: |
| Plaintiff, | |
| v. | PETITION AT LAW AND JURY DEMAND |
| MIDEA AMERICA CORP., MIDEA USA, INC., HAIER US APPLIANCE SOLUTIONS, INC., HAIER AMERICA TRADING, L.L.C., | |
| Defendants. | |

**COMES NOW** the Plaintiff, Cross Creek, LLC, by and through its attorneys, Jon A. Vasey and Joshua R. Strief, of Elverson Vasey, and for its cause of action against the Defendants, Midea America Corp., Midea USA, Inc., Haier US Appliance Solutions, Inc., and Haier America Trading, L.L.C., and in support of its Petition at Law and Jury Demand, respectfully states:

**PARTIES, JURISDICTION, AND VENUE**

1.     Plaintiff is a limited liability company incorporated in incorporated in and with its principal place of business in Iowa.

2.     Defendant, Midea America Corp., is and at all times mentioned in this Petition was, a foreign corporation incorporated in Florida and with its principal place of business in New Jersey.

3.     Defendant, Midea USA, Inc., is and at all times mentioned in this Petition was, a foreign corporation incorporated in Texas and with its principal place of business in New Jersey.

E-FILED  2021 OCT 22 11:09 AM POLK - CLERK OF DISTRICT COURT

4.      Defendant, Haier America Trading, L.L.C., is and at all times mentioned in this Petition was a foreign limited liability company incorporated in and with its principal place of business in New York.

5.       Defendant, Haier US Appliance Solutions, Inc., is and at all times mentioned in this Petition was, a foreign corporation incorporated in Delaware and with its principal place of business in Kentucky.

6.      At all times mentioned in this petition, Defendants, Midea America Corp., Midea USA, Inc., Haier America Trading, L.L.C., and/or Haier US Appliance Solutions, Inc., were engaged in the business of designing, manufacturing, assembling, distributing, and/or selling microwaves.

7.      At all times mentioned in this petition, Defendants, Midea America Corp.'s, Midea USA, Inc.'s, Haier America Trading, L.L.C.'s, and/or Haier US Appliance Solutions, Inc.'s microwaves were sold throughout the United States, including the state of Iowa.

8.      The facts giving rise to this lawsuit occurred in Polk County, Iowa.

9.      Plaintiff's damages in the above-referenced matter exceed this Court's minimal jurisdictional amount.

## STATEMENT OF FACTS

10.     Sometime prior to April 23, 2020, Defendants, Midea America Corp., Midea USA, Inc., Haier America Trading, L.L.C., and/or Haier US Appliance Solutions, Inc., designed, manufactured, assembled, imported, distributed, and/or sold a microwave (hereafter "Defendants' microwave") that would come to be owned by Plaintiff, Cross Creek, LLC.

11.     Sometime prior to April 23, 2020, the Defendants' microwave was purchased and used in Plaintiff's apartments at or about 8724 Meredith Drive in Urbandale, IA 50322.

E-FILED  2021 OCT 22 11:09 AM POLK - CLERK OF DISTRICT COURT

12.    On April 23, 2020, the Defendants' microwave caught fire in Plaintiff's apartments at or about 8724 Meredith Drive in Urbandale, IA 50322.

13.    The April 23, 2020 fire damaged Plaintiff's property and caused Plaintiff to incur debris removal and other related costs and expenses.

14.    The April 23, 2020 fire at the Plaintiff's property was the result of a defect causing the Defendants' microwave to catch fire.

**COUNT 1**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE**

15.    Plaintiff repeats and realleges paragraphs 1-14 and incorporates the same by reference herein.

16.    Defendants were notified and knew the purpose for which Defendants' microwave was purchased and then and there warranted the same to be fit and proper for that purpose.

17.    Plaintiff relied on the warranty and attempted to use the Defendants' microwave for the purpose aforesaid, but the same was defective as to be utterly unfit for use.

18.    As a direct and proximate result of Defendants' breach of implied warranty of fitness for particular purpose described above, Plaintiff suffered damages to its property as well as incurred related costs and expenses.

19.    Plaintiff has performed all conditions precedent on its part to perform in order to have the above-described defects corrected under the implied warranty of fitness for particular purpose described above.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants in an amount which exceeds the jurisdictional limit of the small claims division and which will be proven at trial for breach of implied warranty of fitness for particular purpose, including but not limited for

E-FILED  2021 OCT 22 11:09 AM POLK - CLERK OF DISTRICT COURT

compensatory damages in all and such amounts that will make it whole and fully and fairly compensate it for the losses suffered, and pray for an award of costs and expenses, interest allowed by law, and for such other relief as the court deems just and equitable.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

20.     Plaintiff repeats and realleges paragraphs 1-19 and incorporates the same by reference herein.

21.     At the time Plaintiff purchased the Defendants' microwave, Defendants, by virtue of Iowa Code § 554.2314, impliedly warranted that the Defendants' microwave was merchantable and fit for the ordinary purpose for which it was being sold to Plaintiff.

22.     Pursuant to Iowa Code § 554.2314, in order for the goods to be merchantable they must:

a)     pass without objection in the trade under the contract description; and

b)     be of fair average quality within the description; and

c)     be fit for the ordinary purposes for which they are used.

23.     The basis of the bargain which induced Plaintiff to purchase the Defendants' microwave was the implied warranty of merchantability as set forth above.

24.     Defendants knew, or in the exercise of reasonable care should have known, that except for the implied warranty described above the Plaintiff would not have purchased the Defendants' microwave.

25.     The Defendants' microwave was not as warranted by Defendants in that it contained the defect described above, which defect caused the Defendants' microwave to be unmerchantable and unfit for use.

E-FILED 2021 OCT 22 11:09 AM POLK - CLERK OF DISTRICT COURT

26.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability described above, Plaintiff suffered damages to its property as well as incurred related costs and expenses.

27.     Plaintiff has performed all conditions precedent on its part to perform in order to have the above-described defects corrected under the implied warranty of merchantability described above.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants in an amount which exceeds the jurisdictional limit of the small claims division and which will be proven at trial for breach of implied warranty of merchantability, including but not limited for compensatory damages in all and such amounts that will make it whole and fully and fairly compensate it for the losses it has suffered, and pray for an award of costs and expenses, interest allowed by law, and for such other relief as the court deems just and equitable.

## COUNT III
## BREACH OF EXPRESS WARRANTY

28.     Plaintiff repeats and realleges paragraphs 1-27 and incorporates the same by reference herein.

29.     At the time the Plaintiff purchased the Defendants' microwave, Defendants expressly warranted the Defendants' microwave was free from defects in material and workmanship and that if any defects in material and workmanship were discovered within the warranty period, the Defendants would make any repairs or replacements necessary to correct the defects.

30.     The basis of the bargain that induced Plaintiff to purchase the Defendants' microwave was Defendants' assurance to Plaintiff that the Defendants' microwave was in first

E-FILED  2021 OCT 22 11:09 AM POLK - CLERK OF DISTRICT COURT

class running condition and Defendants' promise that in the event repairs were needed within the warranty period, Defendants would repair or replace the Defendants' microwave at its own expense.

31.     Defendants knew or in the exercise of reasonable care should have known that except for the promises and express warranties described above, Plaintiff would not have purchased the Defendants' microwave.

32.     The Defendants' microwave was not as warranted by Defendants in that it contained the defect described above.

33.     The Defendants have not indemnified the Plaintiff nor have they provided a replacement Defendants' microwave.

34.     Plaintiff has performed all conditions precedent on its part to be performed in order to have the Defendants' microwave replaced under the express warranty described above.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants in an amount which exceeds the jurisdictional limit of the small claims division and which will be proven at trial for breach of express warranty, including but not limited to compensatory damages in all and such amounts that will make it whole and fully and fairly compensate it for the losses suffered and pray for an award of costs and expenses, interest allowed by law, and for such other relief as the court deems just and equitable.

<u>**COUNT IV**</u>
<u>**NEGLIGENCE**</u>

35.     Plaintiff repeats and realleges paragraphs 1-34 and incorporate the same by reference herein.

36.     Defendants so negligently and carelessly designed, manufactured, constructed, assembled, imported, distributed, and sold the Defendants' microwave that it was dangerous and unsafe for its intended use.

37.     As a direct and proximate result of Defendants' negligence as set forth above, the Defendants' microwave failed and caused the aforementioned fire at Plaintiff's property.

38.     Plaintiff's damages as previously set forth were caused by the Defendants' actions and omissions and would not have occurred if ordinary care had been used by the Defendants.

39.     Plaintiff had not misused or otherwise improperly operated the Defendants' microwave and had done nothing to substantially alter the Defendants' microwave after its purchase.

40.     The defect described above was not the result of any accident, misuse, or negligence on the part of the Plaintiff, alterations, or any other cause that would negate the liability of the Defendants.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants in an amount which exceeds the jurisdictional limit of the small claims division and which will be proven at trial for failure to exercise ordinary care in the design, manufacture, construction and sale of the Defendants' microwave, including but not limited to compensatory damages in all and such amounts that will make it whole and fully and fairly compensate it for the losses suffered, and pray for an award of costs and expenses, interest allowed by law, and for such other relief as the court deems just and equitable.

## COUNT V
## DESIGN DEFECT

41.     Plaintiff repeats and realleges paragraphs 1-40 and incorporates the same by reference herein.

E-FILED 2021 OCT 22 11:09 AM POLK - CLERK OF DISTRICT COURT

42.     At all times mentioned in this petition, the defective Defendants' microwave and its component parts were defective as to design causing the Defendants' microwave and its component parts to be in a defective condition rendering the Defendants' microwave not reasonably safe.

43.     The Defendants' microwave was expected to and did reach Plaintiff without substantial change in its condition.

44.     The defect described above was not the result of any accident, misuse, or negligence on the part of Plaintiffs, alterations, or any other cause that would negate the liability of the Defendants as set forth below.

45.     The risks of harm presented by the defectively designed Defendants' microwave could have been reduced or avoided by the adoption of a reasonable alternative design, and the omission of this alternative design rendered the Defendants' microwave not reasonably safe.

46.     As a direct and proximate result of the defective design and dangerous condition of the Defendants' microwave and its component parts, the aforementioned fire occurred at Plaintiff's property and damaged Plaintiff's property.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants in an amount which exceeds the jurisdictional limit of the small claims division and which will be proven at trial for defect in the design of the Defendants' microwave, including but not limited to compensatory damages in all and such amounts that will make it whole and fully and fairly compensate it for the losses suffered, and pray for an award of costs and expenses, interest allowed by law, and for such other relief as the court deems just and equitable.

E-FILED  2021 OCT 22 11:09 AM POLK - CLERK OF DISTRICT COURT

## COUNT VI
## MANUFACTURING DEFECT

47.     Plaintiff repeats and realleges paragraphs 1-46 and incorporates the same by reference herein.

48.     At all times mentioned in this petition, the defective Defendants' microwave and its component parts were defective as to manufacture causing the Defendants' microwave to be in a defective condition that departed from its intended design even though all possible care was exercised in the preparation of the product.

49.     The Defendants' microwave was expected to and did reach the Plaintiff without substantial change in its condition.

50.     The defect described above was not the result of any accident, misuse, or negligence on the part of Plaintiff, alterations, or any other cause that would negate the liability of Defendants as set forth below.

51.     Plaintiff had not misused or otherwise improperly operated the Defendants' microwave or its components and had done nothing to improperly alter the Defendants' microwave or its components.

52.     As a direct and proximate result of the defective manufacturing of the Defendants' microwave and its component parts, Plaintiff's property was damaged and Plaintiff incurred related costs and expenses.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants in an amount which exceeds the jurisdictional limit of the small claims division and which will be proven at trial for defect in the manufacture of the Defendants' microwave, including but not limited for compensatory damages in all and such amounts that will make it whole and fully and fairly

E-FILED  2021 OCT 22 11:09 AM POLK - CLERK OF DISTRICT COURT

compensate it for the losses suffered, and pray for an award of costs and expenses, interest allowed by law, and for such other relief as the court deems just and equitable.

JURY DEMAND

COMES NOW the Plaintiff, Cross Creek, LLC, and hereby demands trial by jury on all issues presented in the above-captioned action.

ELVERSON VASEY

BY: _____
Jon A. Vasey, AT0008142

BY: _____
Joshua R. Strief, AT0012392
700 Second Ave.
Des Moines, IA  50309
Telephone (515) 243-1914
Facsimile (515) 243-2235
jon.vasey@elversonlaw.com
joshua.strief@elversonlaw.com
ATTORNEYS FOR PLAINTIFFS

E-filed.

E-FILED 2021 DEC 20 4:31 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| CROSS CREEK, LLC, | LAW NO.: LACL151765 |
| Plaintiff, | |
| v. | PROOF OF SERVICE |
| MIDEA AMERICA CORP., MIDEA USA, INC., HAIER US APPLIANCE SOLUTIONS, INC., HAIER AMERICA TRADING, L.L.C., | |
| Defendants. | |

I hereby certify and make return, that I received the following:

**Original Notice and Petition at Law and Jury Demand,**

hereafter ("Papers"), and:

On __12/2__ , 2021 at __09:25__ a.m./p.m. I served a true copy of the same

on Haier US Appliance Solutions, Inc. by delivering a copy, thereof in the following manner:

_____     I served the same on the above person by personal service.

_____     I served the same on the above person at their dwelling house or usual place of abode (which place is not a room house, hotel, or apartment building) by substitute service on the individual named below, which is a person who resides therein and was at least 18 years of age.

_____     I served the same on the above person at their dwelling house or usual place of abode (which place was a room house, hotel, or apartment building) by substitute service on a family member, roommate, manager or proprietor named below, which is a person who was at least 18 years of age.

__X__     I served the above company, corporation, association, government agency, etc. by personal service on the appropriate agent or officer named below.

_____     I attempted service at the date and time above and did not complete service.

Registered Agent, CT Corporation System at 306 W. Main Street, Suite 512, Frankfort, KY 40601

Service Fee: $ _____

By: _CM Eat 814 FCSO_

Subscribed and Sworn to before me by _Dep. Chris Eaton_ on this _15_ day of December, 2021.

_____
Notary Public in the State of Kentucky

Notary ID # 618558
Expires 4-15-23

E-FILED  2021 DEC 21 8:43 AM POLK - CLERK OF DISTRICT COURT

# Morris County Sheriff's Office
# AFFIDAVIT OF SERVICE

Plaintiff      Cross Creek, LLC

Defendant      Midea America Corp., Midea Usa, Inc., Haier US
Appliance Solutions, Inc.  Haier America Trading, L.L.C.

Service # 1 of 1 Services

Action: 1 Summons & Complaint

Docket # LACL151765

Sheriff's # 21001438

In the Iowa District Court in and For

Polk County

Person/Corporation to Serve
**Midea USA, Inc.**
Registered Agent:  Ke Wang
Midea America Corp
4 Campus 1S
Parsippany, NJ 07054

DOCUMENTS
Summons and Complaint

I, JAMES M. GANNON, Sheriff of Morris County do hereby deputize and appoint Sgt. Tracy Medwin a
duly sworn officer to execute and return the documents according to law.

WITNESS BY HAND AND SEAL

James M. Gannon      Sheriff

Date of Action 12/10/2021
Time of Action 2:25 PM
12/10/2021 2:25 PM

Person/Corporation Served

Midea USA, Inc.
Registered Agent:  Ke Wang
Midea America Corp
4 Campus 1S
Parsippany, NJ 07054

Delivered To
Relationship:

Type of Action:  Unserved
Neither Midea USA or Ke Wang are listed on the directory and the glass doors for Suite 1S are taped and
papered. Spoke with Carmen Amelio (Property Manager) who confirmed this company and Ke Wang are not
located at this address.

I, Sgt. Tracy Medwin was unable to serve the within documents and/or a true copy thereof

Elverson Vasey
Joshua R Strief
700 Second Avenue
Des Moines, IA 50309

Carol Sullivan
Carol Sullivan
Notary Public - State of New Jersey
My Commission Expires July 11, 2026

Sgt. Tracy Medwin      Dated  12/13/21

Sheriff Fees      $29.24

E-FILED  2021 DEC 21 8:43 AM POLK - CLERK OF DISTRICT COURT



# SHERIFF'S AFFIDAVIT OF ATTEMPTED SERVICE

**Case No.** LACL151765
**Sheriff's Case #** 21037995

**IN THE IOWA DISTRICT COURT IN THE FOR POLK COUNTY**

-----------------------------------------------------------x

CROSS CREEK, LLC,
PLAINTIFF,

V.

MIDEA AMERICA CORP, MIDEA USA,
INC., HAIER US APPLIANCE
SOLUTIONS, INC., HAIER AMERICA
TRADING, L.L.C.,
DEFENDANTS.

-----------------------------------------------------------x

**STATE OF NEW YORK}**
**COUNTY OF NEW YORK} SS:**

I, **QIN ZHANG**, Deputy Sheriff of the City and State of New York, authorized pursuant to my special duties to serve process, hereby certifies that: I am not a party to this action or proceeding and over 18 years of age. I further certify that I was unable to serve the process for the below listed reasons:

**[X] Other: THE ENTITIES, HAIER AMERICA TRADING, LLC AND THE REGISTERED AGENT THE LLC, ARE NO LONGER HERE.**
Attempts to serve were made on the following dates and times:
Date: 12/6/2021 @ 1:00 PM - 1356 BROADWAY NEW YORK, NY 10018
I understand that false statements made herein are punishable as a class A misdemeanor pursuant to Penal Law
§210.45.

**Dated: 12/7/2021**

BY: _____

QIN ZHANG
DEPUTY SHERIFF
SHIELD # 482

**Notary**
Sworn before me
this __ day of _____, 202_

21003868
E-FILED  2021 DEC 22 11:10 AM POLK - CLERK OF DISTRICT COURT

# Office of the Mercer County Sheriff
## Sheriff's Return of Service



**JOHN A. KEMLER
SHERIFF**



MERCER COUNTY CIVIL COURT HOUSE
175 SOUTH BROAD STREET
P.O. Box 8068
TRENTON, NEW JERSEY 08650-0068
SUMMONS & COMPLAINT: (609) 989-7666/6369
FAX: (609) 278-8041

**UNDERSHERIFFS**
PEDRO MEDINA
JASON SALVATORE
ROBERT JAMES

**ASSISTANT TO THE SHERIFF**
CATHLEEN G. GARTON

**CHIEF SHERIFF'S OFFICER**
CHRISTOPHER KENYON

**CHIEF WARRANT OFFICER**
BRIAN D. AMANTIA

**PLAINTIFF:**   CROSS CREEK LLC

**COUNTY:**   POLK COUNTY, IOWA
**DOCKET #:**   LACL151765

**DEFENDANT:**   MIDEA AMERICA CORP., MIDEA USA, INC.,
HAIER US APPLIANCE SOLUTIONS, INC.,
HAIER AMERICA TRADING, L.L.C.

I SERVED THE FOLLOWING   **OUT OF STATE, ORIGINAL NOTICE, PETITION AT LAW AND JURY DEMAND**
ON THE WITHIN-NAMED DEFENDANT(S) IN MERCER COUNTY, NEW JERSEY

| SERVICE NAME | DATE SERVED | TIME SERVED | DATE/TIME NOT SERVED | REGISTERED AGENT |
|---|---|---|---|---|
| MIDEA AMERICA CORP. | 12-9-21 | 1040 | | CORPORATION SERVICE COMPANY DOREEN HAESLEIN – MANAGER / MANAGING AGENT PRINCETON SOUTH CORPORATE CENTER - SUITE 160 100 CHARLES EWING BLVD. EWING NJ 08628 |

I, JOHN A. KEMLER, Sheriff of Mercer County, do hereby deputize and appoint ___Rich Samonski___ to be my Deputy, to execute and return the writ according to law.

Witness my hand and seal this ___9___ day of ___Dec___ A.D. 2021.

**JOHN A. KEMLER,**
Sheriff (L.S.)

**Sheriff's Fee:**   $33.50

**OTHER**  (Comment)
_____
_____
_____

JOHN A. KEMLER, Sheriff by

___Rich Sawnski___
Special Deputy

ELAINA M. PANZITTA
NOTARY PUBLIC OF NEW JERSE
My Commission Expires 6/28/2022

RA Corporation Service Company

E-FILED                    LACL151765 - 2022 JAN 06 11:23 AM          POLK
                           CLERK OF DISTRICT COURT                Page 1 of 2

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| CROSS CREEK LLC<br><br>  Petitioner(s)<br><br>vs.<br><br>HAIER AMERICA TRADING LLC<br>MIDEA USA INC<br>MIDEA AMERICA CORP<br>HAIER US APPLIANCE SOLUTIONS INC<br><br><br>  Respondent(s) | 05771  LACL151765<br><br>**ORDER TO EXPEDITE DISPOSITION** |

   Upon examination of the above file, upon the Court's own motion, the Court finds that the Defendant(s) have been duly served with notice, no appearance or answer has been timely filed on behalf of defendants , and no pleadings have been filed to conclude this matter.

   **IT IS THEREFORE ORDERED** that the Plaintiff shall within thirty (30) days of the Order take steps to pursue the relief requested by filing the appropriate pleadings including dispositive motions or a dismissal of the case.

   If no action is taken within thirty (30)  days of this Order, sanctions may be imposed which may include dismissal of the Petition.

   **SO ORDERED** 01/06/2022.



State of Iowa Courts

| Case Number | Case Title |
| --- | --- |
| LACL151765 | CROSS CREEK LLC V MIDEA AMERICA CORP ET AL |
| **Type:** | OTHER ORDER |

So Ordered

_____

Scott J. Beattie, District Court Judge,
Fifth Judicial District of Iowa

Electronically signed on 2022-01-06 11:23:28

E-FILED  2022 JAN 06 11:27 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| CROSS CREEK, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MIDEA AMERICA CORP., MIDEA USA, INC., HAIER US APPLIANCE SOLUTIONS, INC., HAIER AMERICA TRADING, L.L.C., <br><br> Defendants. | LAW NO.:  LACL151765 <br><br><br> MOTION FOR ADDITIONAL TIME TO SERVE DEFENDANTS |

**COMES NOW** the Plaintiff, Cross Creek, LLC, by and through its attorneys, Jon A. Vasey and Joshua R. Strief, of Elverson Vasey, and in support of its Motion for Additional Time to Serve Defendants states the following:

1.  The above-captioned matter was filed on October 22, 2021.

2.  Plaintiff has thus far served two out of the four Defendants, Haier US Appliance Solutions, Inc. and Midea America Corp.

3.  Plaintiff has been unable to serve Midea USA, Inc., or Haier America Trading, L.L.C.

4.  Plaintiff attempted to serve the suit papers upon Midea USA, Inc. via the last known registered agent, Ke Wang, according to the New Jersey Secretary of State. That service attempt was unsuccessful. (See Affidavit of Service filed Dec. 21, 2021). Plaintiff is currently attempting to serve Midea USA, Inc. at a different address in New Jersey.

5.  Plaintiff attempted to serve the suit papers upon Haier America Trading, L.L.C., via the last known registered agent, The LLC, according to the New York Secretary of State. That service attempt was unsuccessful. (See Sheriff's Affidavit of Attempted Service filed Dec.

E-FILED  2022 JAN 06 11:27 AM POLK - CLERK OF DISTRICT COURT

21, 2021). Plaintiff is currently attempting to serve Haier America Trading, L.L.C., at a different address in Kentucky.

6.     Plaintiff has made reasonable efforts to serve the named Defendants and intends to continue attempting to serve the Defendants to the extent authorized by law and the Court.

7.     No parties will be prejudiced by this Court granting an extension of time of approximately 90 days from the current service due date, January 20, 2022 within which to obtain service on the Defendants.

8.     Plaintiff respectfully requests the Court grant Plaintiff until April 20, 2022 to obtain personal service on the Defendants in this case.

WHEREFORE the Plaintiff respectfully requests the Court enter an order granting this Motion and allowing Plaintiff until April 20, 2022, to obtain personal service on the Defendants to this matter, along with such further relief as the Court deems just.

ELVERSON VASEY

BY:   _____

Jon A. Vasey, AT0008142
Joshua R. Strief, AT0012392
700 Second Ave.
Des Moines, IA  50309
Telephone (515) 243-1914
Facsimile (515) 243-2235
jon.vasey@elversonlaw.com
joshua.strief@elversonlaw.com
ATTORNEYS FOR PLAINTIFF

E-filed.